Franco BELIZAIRE, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–73648.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Nov. 17, 2008.

Troy Edward Elder, Esquire, Clinical Associate Professor of Law, FIU College of Law, Law Clinic, Miami, FL, for Petitioner.

AZP–District Director, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Joseph D. Hardy, Esquire, David V. Bernal, Assistant Director, Stuart S. Nickum, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, ROTH *, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Franco Belizaire, a native and citizen of Haiti, petitions for review of the Board of Immigration Appeals' order dismissing his appeal of the Immigration Judge's decision that he was not eligible for asylum or entitled to withholding of removal. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We grant the petition for review and remand the case to the BIA for further proceedings consistent with this memorandum.

The IJ found Belizaire to be credible. Where "the IJ finds the applicant's testimony to be credible and the BIA makes no contrary finding, we accept as undisputed the testimony of the applicant." *Baballah v. Ashcroft*, 367 F.3d 1067, 1073 (9th Cir. 2004). As a result, Belizaire's testimony that members of the Cannibal Army accused him of being "Lavalas" and then beat him and held him prisoner following that attribution must be accepted as undisputed.

To establish persecution on account of an imputed political opinion, Belizaire must show that his persecutors imputed a political opinion to him and that they acted upon that attribution. *Sangha v. I.N.S.*, 103 F.3d 1482, 1489 (9th Cir.1997). Those elements are satisfied by Belizaire's undisputed testimony. The evidence cannot support the conclusion that Belizaire did not suffer past persecution on account of a protected ground.

We remand the case to the BIA for further proceedings based upon a conclusion that he suffered past persecution due to an imputed political opinion. The government may seek under the regulations to demonstrate by a preponderance of the evidence that (1) "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution," or that (2) "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 1208.13(b)(1)(i)(A), (B). Because the denial of withholding of removal was based upon the conclusion that Belizaire was not eligible for asylum, that contention must be revisited as well.

**PETITION GRANTED; REMANDED.**

---

\* The Honorable Jane R. Roth, United States Circuit Judge for the Third Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.